IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-60-FL

| | | |
|---|---|---|
| DUCK VILLAGE OUTFITTERS; TANYA HOVEY; and ROBERT HOVEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY and DANNY BROWN, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiffs' motion to remand this action to the Dare County, North Carolina, Superior Court pursuant to 28 U.S.C. § 1447(c). (DE 13). Also pending is defendants' motion to dismiss for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), or in part for a more definite statement under Rule 12(e). (DE 14). The issues raised have been fully briefed and are ripe for ruling. For the reasons stated herein, plaintiffs' motion to remand is granted.

**BACKGROUND**

Plaintiffs, owners of a commercial property located in Duck, North Carolina, commenced this action against defendants Nationwide Insurance Company ("Nationwide") and Danny Brown, a insurance adjuster employed by Nationwide, ("Brown") in Dare County Superior Court on August 25, 2014. Service was made on defendants on September 11, 2014.

Plaintiffs allege that their property was damaged by Hurricane Irene on or about August 27, 2011. Thereafter, plaintiffs submitted a claim to Nationwide, to which Brown was assigned as adjuster. Plaintiffs contend that in the course of the adjustment, defendant Brown performed a substandard investigation, ultimately concluding that a substantial amount of damage sustained during the storm was not covered under plaintiffs' insurance policy. The complaint asserts claims against both defendant Nationwide and defendant Brown. As relevant here, plaintiffs complain against defendant Brown and allege he violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*, and committed the tort of negligent misrepresentation.

Defendants filed a notice of removal in this court on October 10, 2014. On December 9, 2014, plaintiffs filed the instant motion to remand the case to state court for lack of subject matter jurisdiction. It is undisputed there is no federal question in this case. It is further undisputed plaintiffs and defendant Nationwide are diverse. However, defendant Brown and plaintiffs are not diverse, where they are all domiciliaries of North Carolina. Nevertheless, defendants contend this court may exercise its diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because defendant Brown was fraudulently joined and, thus, his citizenship is of no consequences. After plaintiffs filed their motion to remand, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, or in the alternative, a partial motion for a more definite statement addressing plaintiffs' removed complaint, on December 17, 2014. Plaintiffs then filed an amended complaint, on January 6, 2015, presumably to provide more factual specificity regarding their complaint.

2

## DISCUSSION

**A. Motion for Remand**

    1.    Standard of Review

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice of removal in the district court within thirty 30 days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). At any time prior to final judgment, plaintiff may move to remand the case on the basis of lack of subject matter jurisdiction. Id. § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

Where, as here, a party asserts fraudulent joinder to claim jurisdiction on the basis of diversity of citizenship, the burden is on the removing party to "demonstrate either 'outright fraud[, sometimes called bad faith,] in the plaintiffs' pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993)) (emphasis in original). This court should resolve all legal and factual issues in favor of remanding the case, and the "very fact that courts may

3

differ in their resolution[]" of the viability of plaintiffs' claims in state court highlights the propriety of remand. See id. at 425.

Although plaintiffs have filed an amended complaint, the facts alleged therein are irrelevant to the court's analysis, as the propriety of federal jurisdiction is determined at the time the case is removed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-91 (1938); see also Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002). Accordingly, the court will only consider the facts alleged in the complaint as removed.

    2.    Analysis

To remain properly before this court defendants must demonstrate joinder of defendant Brown was fraudulent.[1] In support of their petition for removal, defendants first suggest plaintiffs committed outright fraud by selectively complaining against one of a number of potential defendants solely to defeat removal. Defendants next contend plaintiff has no right to relief against defendant Brown under North Carolina law.

With regard to defendants' allegations of outright fraud in the pleadings, defendants point to another, out-of-state Nationwide employee, who, they argue, plaintiffs could have sued on the same basis, but did not. In essence, defendants contend plaintiffs acted in bad faith by asserting a claim against a non-diverse party solely to prevent removal. However, it is immaterial plaintiffs sued defendant Brown for the purpose of preventing this court from exercising its diversity jurisdiction. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 189-90 (1931); Brantley v. Vaughan, 835 F. Supp. 258, 262 (D.S.C. 1993); see also Fed. R. Civ. P. 20 (noting plaintiff may elect to join claims

---

[1] As noted previously, the parties agree there is no federal question in this case, and defendants concede defendant Brown is a citizen of North Carolina.

4

not otherwise required to be joined by Rule 19). Thus, the fact plaintiff elected not to sue other diverse defendants is insufficient to establish "outright fraud."

Defendants have failed to establish outright fraud, and thus must carry the "heavy burden" of showing that it would be impossible for plaintiffs to establish a claim against defendant Brown in the North Carolina courts. In an effort to do so, defendants argue plaintiffs' claims against defendant Brown are both factually and legally deficient.

In evaluating defendants' argument, the court must resolve "all issues of law and fact in plaintiff's favor," a standard that is "more favorable to the plaintiff than [even] the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." Hartley, 187 F.3d at 424. Because there is a possibility plaintiffs could recover for negligent misrepresentation under North Carolina law, remand is appropriate.[2]

First, defendant argue plaintiffs' negligent misrepresentation claim is factually deficient. Essentially, defendants argue that plaintiffs failed to state a claim on which relief can be granted. In addressing defendants' argument, the court evaluates the removed complaint as a motion to dismiss under North Carolina's pleading standard. See Marshall, 6 F.3d at 223. In North Carolina, a motion to dismiss for failure to state a claim can succeed only if "it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." Holleman v. Aiken, 193 N.C. App. 484, 491 (2008) (rejecting application of the Twombly-Iqbal "plausibility" pleading standard). See generally Pyco Supply Co., Inc. v. Am. Centennial Ins. Co., 321 N.C. 435, 442-43 (1988) ("[A] statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its

---

[2]Because plaintiffs have some possibility of recovery under a theory of negligent misrepresentation, the court need not address defendants' Unfair and Deceptive Trade Practices Act claim.

5

nature and the basis and to file a responsive pleading . . . simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense.").

"The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 206 (1988) (citations omitted). "A party cannot establish justified reliance on an alleged misrepresentation if the party fails to make a reasonable inquiry regarding the alleged statement." Dallaire v. Bank of Am. N.A, 367 N.C. 363, 760 S.E.2d 263, 267 (2014). However, in lieu of reasonable inquiry, plaintiffs also may allege he either was denied the opportunity to investigate the facts or was unable to learn the truth through exercise of reasonable diligence. See Calloway v. Wyatt, 246 N.C. 129, 135 (1957); see also Hudson-Cole Dev. Corp. v. Beemer, 132 N.C. App. 341, 346 (1999).

In light of the North Carolina pleading standard, plaintiffs have stated a claim. In particular, plaintiffs allege defendant Brown negligently misrepresented material facts, or concealed parts of material information, from plaintiffs in the course of his investigation, that they justifiably relied thereon, and that they were unable to learn of the true facts upon reasonable inquiry. Compl. ¶¶ 88-91; see also id. ¶ 39.[3]

Although the specific facts supporting plaintiffs' alleged reliance are unclear, to require plaintiffs to plead them at this stage would contravene North Carolina's rule requiring liberal

---

[3]Defendants also argue plaintiffs negligent misrepresentation claim must fail where plaintiffs allege defendant Brown acted intentionally in paragraph 22 of the complaint. Although the North Carolina Court of Appeals has held that allegations of intentional conduct may undermine, and ultimately defeat, a claim for negligent misrepresentation, see Guyton v. FM Lendings Servs., Inc., 199 N.C. App. 30, 48-49 (2009), the court only so held where plaintiffs failed to "advanc[e] an alternative allegation" of negligence. Id. Here, plaintiffs have also alleged negligence. Compl. ¶89.

6

construction of pleadings. In fact, the North Carolina Court of Appeals has held allegations substantially similar to those contained in plaintiffs' complaints satisfactorily stated a claim for negligent misrepresentation. See Hunter v. Guardian Life Ins. Co. of Am., 162 N.C. App. 477, 484 (2004). Defendants' inapposite citation to Jordan v. Earthgrains, Inc., 155 N.C. App. 762, 769 (2003), does not change that result, as that case discusses only the evidence required for a negligent misrepresentation claim to withstand a motion for summary judgment, not a motion under North Carolina Rule of Civil Procedure 12(b)(6). Id.

Nevertheless, defendants advance two additional legal arguments in support of this courts exercise of diversity jurisdiction in this case. First, defendants argue that plaintiffs negligent misrepresentation claim may not proceed because defendant Brown owed plaintiffs no duty. Defendants also argue North Carolina law precludes suits against employees acting in good faith and on behalf of their employer.

The court first addresses the existence of a duty owed to plaintiffs under North Carolina law. Defendants suggest North Carolina law does not impose duty owed by an insurance adjuster to the insured. In support of their contention, defendants cite Koch v. Bell, Lewis & Associates, 176 N.C. App. 736 (2006), wherein the North Carolina Court of Appeals held an independent insurance adjuster owed no duty to an uninsured third-party claimant, because the relationship between the two was too attenuated. Id. at 739-40.

Defendants, in brief, attempt to argue the Koch holding addresses the issue presented here. However, the issue before this court is not addressed by Koch, as that case's holding addresses the duty an independent adjuster owes to an uninsured only. Here, the question presented is whether an employee adjuster owes a duty to the insured plaintiff. North Carolina case law, moreover,

7

suggests plaintiffs' claim may be actionable. See Raritan, 322 N.C. at 214-15 (noting an auditor may be liable for losses to third parties proximately caused by negligent misrepresentations if the auditor knew the party requesting the information intended to use it for the third-party's benefit). Thus, as Koch does not address the duty owed by an insurance adjuster, employed by the insurer, to the insured, it does not "squarely foreclose" plaintiffs' negligent misrepresentation claim. Hartley, 187 F.3d at 424.

In any event, defendants contend plaintiffs cannot state a claim against defendant Brown under "general principles" of North Carolina law. Defendants submit these principles, to which no citation was provided, preclude suit against those acting "for the benefit of [a] corporation,"and that such a person "may be liable [only] if they were pursuing personal benefit." (DE 16, at 4). Defendants evaluation of the law is over broad. In fact, the North Carolina Supreme Court has held that, as a general rule, employees "are liable for their torts, although committed when acting officially." Minnis v. Sharpe, 198 N.C. 364, 367 (1930).

In certain circumstances, an employee, like defendant Brown, may avoid liability for his own actions where he furthers the interests of his employer by acting in a tortious, yet legally defensible way. For example, in Embree Constr. Grp., Inc. v. Rafcor, Inc., 330 N.C. 487 (1992), the court referred to "the qualified privilege of officers and directors to interfere with the corporation's contracts . . . [where] their actions are in good faith and for the best interests of their corporation." Id. at 499. Another case discusses immunity for "employees who have an interest in the activities of a corporation or the *duty to advise or direct* such activities" who induce the corporation to breach its contract. Wilson v. McClenny, 262 N.C. 121, 133 (1964) (emphasis added). Here, however, it is not apparent from the record defendant Brown had a duty to "advise or direct" defendant

8

Nationwide. Thus, it must be resolved at this stage of the case that he had a duty to supply defendant Nationwide with a good-faith estimate of plaintiffs' claims, which does not insulate him from potential liability under a theory of negligent misrepresentation.

In sum, defendants have failed to carry their heavy burden to demonstrate that defendant Brown was fraudulently joined. Defendants have failed to demonstrate either outright fraud or no possibility plaintiffs may recover from defendant Brown in state court. Accordingly, remand back to the Superior Court is warranted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is GRANTED. (DE 13). This case is hereby REMANDED to the General Court of Justice, Superior Court Division, Dare County, North Carolina. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of February, 2015.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge